## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOSEPH B. SOKOLOSKI,

                Plaintiff,

     v.

WELLS FARGO BANK, N.A.,

                Defendant.

**CIVIL ACTION
NO. 3:18-cv-30111-DHH**

## REPORT AND RECOMMENDATION

**October 26, 2018**

Hennessy, M.J.

Pursuant to General Order 09-3, this matter was assigned to me on July 23, 2018 as a referral under 28 U.S.C. § 636(b) for all pretrial non-dispositive matters, and Report and Recommendations.  Dkt. no. 6.  Now pending before the Court is Defendant Wells Fargo Bank, N.A.'s motion to dismiss the complaint filed by pro se Plaintiff Joseph B. Sokoloski.  Dkt. no. 10.  Plaintiff has not opposed this motion, which is now ripe for adjudication.

For the reasons that follow, I RECOMMEND that Defendant's motion to dismiss be GRANTED.

I.      PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit in Massachusetts Superior Court on July 3, 2018.  Dkt. no. 1-1.  Along with his verified complaint, Plaintiff sought an ex parte temporary restraining order enjoining Defendant from conducting any foreclosure-related activity concerning a residence in Easthampton.  Id.  On the date Plaintiff commenced the state court action, a Superior Court judge

granted the ex parte temporary restraining order pending a hearing scheduled for July 13, 2018. Dkt. no. 13, at p. 3.  On July 12, 2018, Defendant removed the case to this Court.  Dkt. no. 1.

On August 1, 2018, Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.  Dkt. no. 10. Given that Plaintiff is proceeding pro se, this Court issued an Order instructing Plaintiff to file, on or before August 14, 2018, an opposition to Defendant's motion or a motion for an extension of time.  Dkt. no. 12; see also L.R. 7.1(b)(2).  Plaintiff did not submit an opposition by August 14, 2018, nor did he request an extension of time.  On August 17, 2018, this Court then ordered Plaintiff to show cause why his complaint should not be dismissed.  Dkt. no. 15.  Plaintiff has failed to respond to this Order, and to date has not opposed Defendant's motion.

II.    FACTUAL BACKGROUND

By a deed dated February 15, 1980, Plaintiff became the owner of real property located at 39 Highland Avenue in Easthampton, Massachusetts (the "Property").[1]  On September 13, 2006, Plaintiff obtained a loan from World Savings Bank ("WSB") and executed an Adjustable Rate Mortgage Note in favor of WSB in the principal amount of $165,000 (the "Note").  Dkt. no. 1-1, at pp. 20–26.  As security for the loan, Plaintiff granted WSB and "its successors and/or assignees" a mortgage on the Property (the "Mortgage," and together with the Note, the "Loan"). Dkt. no. 11-1, at pp. 2–15.  The Mortgage identifies WSB, and its successors and/or assignees, as the "Lender" to whom Plaintiff, as borrower, gave the Mortgage.  Id. at pp.. 2–3 ("I mortgage, irrevocably grant and convey the Property . . . to Lender subject to the terms of this Security Instrument.").  The Mortgage was duly recorded on September 18, 2006 in the Registry of Deeds.  Id. at p. 2.  Paragraph twenty-seven of the Mortgage contains a provision

---

[1] The deed to the Property was recorded in the Hampshire County Registry of Deeds ("Registry of Deeds") in Book 02149 at page 216, and thus is publicly available.

acknowledging the mortgagee's right to exercise the statutory power of sale, as provided by Massachusetts General Laws, ch. 244 § 21, in the event of a "Breach of Duty," including Plaintiff's failure to "pay the full amount of each payment on the date it is due." Id. at p. 11.

Defendant serviced and eventually acquired the Loan as successor by merger to WSB, the original mortgagee. See dkt. no. 1-1, at p. 30 ("The name of the creditor to whom the debt is owed is Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., successor by merger [to] Wachovia Mortgage FSB, f/k/a World Savings Bank, FSB."); see also id. at p. 17 (correspondence dated June 12, 2017, identifying Defendant as servicer); id. at pp. 29 (correspondence dated October 29, 2015, identifying Defendant as "the creditor to whom the debt is owed").

Pursuant to the terms of the Note, Plaintiff was required to make monthly payments on the Loan. Id. at p. 21 (setting forth monthly payment schedule). In March 2012, Plaintiff defaulted by failing to make the monthly payment. Id. at p. 17. The Note authorizes the lender to accelerate all amounts due under the Loan in the event of a default. Id. at. p. 23 (Note ¶ 7(c)).

On August 3, 2013, after defaulting on the Loan, Plaintiff filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the District of Massachusetts.[2] Dkt. no. 11-2. On February 25, 2013, Plaintiff received a Chapter 7 discharge, and his case was closed on March 17, 2014. Id. at p. 2 (setting forth dates of discharge and termination).

On May 23, 2018, Defendant certified pursuant to 209 C.M.R. § 18.21A(2)(c) that it owned the Note and was the current mortgagee of record. Dkt. no. 1-1, at pp. 14–15. Furthermore, on May 29, 2018, Defendant caused to be filed in the Registry of Deeds an affidavit pursuant to M.G.L. ch. 244, §§ 35B and 35C, in which Defendant attested that it held

---

[2] In re Sokoloski, No. 12-31194 (Bankr. D. Mass. filed Aug. 3, 2012).

the Note.  Dkt. no. 11-3.  Defendant thereafter provided notice to Plaintiff that the Property was

to be sold at a foreclosure sale, scheduled for July 5, 2018.  Dkt. no. 1-1, at p. 11.  A notice of

sale was published in the Daily Hampshire Gazette on June 14, 2018.  Id. at p. 12.

On June 29, 2018, Plaintiff filed a motion in the closed bankruptcy action seeking an

order requiring Defendant to show cause as to its entitlement to pursue a foreclosure action

against the Property.  Dkt. no. 11-4.  Plaintiff believed that Defendant's attempt to foreclose on

the Property violated the terms of Plaintiff's bankruptcy discharge and the Bankruptcy Code's

automatic stay.  Id.  That same day, the Bankruptcy Court denied Plaintiff's motion, explaining

that his theories failed as a matter of law.  Dkt. no. 11-5.  Moreover, the Bankruptcy Court stated

that Defendant "is free to pursue its in rem rights against [the Property] in which it has a security

interest, so long as it does not seek to hold [Plaintiff] personally liable for the debt."  Id. at p. 2

(emphasis in original).

On July 3, 2018, Plaintiff filed his complaint in Massachusetts Superior Court, along with

an ex parte request for a temporary restraining order enjoining Defendant from completing the

scheduled foreclosure sale.  Dkt. no. 1-1.  That same day, the Superior Court issued a temporary

restraining order pending a hearing on July 13, 2018.  Dkt. no. 13, at p. 3.  Plaintiff failed to give

Defendant notice of this temporary restraining order prior to July 5, 2018, the date of the

scheduled sale.  Id. at pp. 54–55.  On July 10, 2018, after the foreclosure sale went forward as

scheduled, Plaintiff sent a copy of the temporary restraining order to Defendant's counsel.  Dkt.

no. 1, at p. 2.  Upon receipt of Plaintiff's notice, Defendant removed the case to this Court.  See

id.

III.    ANALYSIS

Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction,

Fed. R. Civ. P. 12(h)(3), and for failure to state a plausible claim for relief, Fed. R. Civ. P.

12(b)(6).  The Court will address these in turn, beginning with the jurisdictional challenge.  See

Bell v. Hood, 327 U.S. 678, 682 (1946) (noting that a motion to dismiss for failure to state a

claim may be decided only after a finding of subject matter jurisdiction).

A.    Fed. R. Civ. P. 12(h)(3) – Lack of Subject Matter Jurisdiction

"Under Article III of the Constitution, federal courts do not have jurisdiction 'to give

opinions upon moot questions.'"  Strahan v. Roughead, 910 F. Supp. 2d 358, 363 (D. Mass.

2012) (quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992)).  "[A] case is

moot when the issues presented are no longer live or the parties lack a legally cognizable interest

in the outcome."  Town of Portsmouth v. Lewis, 813 F.3d 54, 58 (1st Cir. 2016) (alteration in

original).  Put another way, mootness arises when "it can be said with assurance that there is no

reasonable expectation that the alleged violation will recur, and [] interim relief or events have

completely and irrevocably eradicated the effects of the alleged violation."  Los Angeles Cty. v.

Davis, 440 U.S. 625, 631 (1979).

A motion to dismiss grounded in mootness falls under the "large umbrella" of Rule

12(b)(1), which captures a variety of challenges to subject matter jurisdiction.  Valentin v. Hosp.

Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001).  "The burden of establishing mootness rests

squarely on the party raising it, and '[t]he burden is a heavy one.'"  Mangual v. Rotger-Sabat,

317 F.3d 45, 60 (1st Cir. 2003) (alteration in original) (quoting United States v. W.T. Grant Co.,

345 U.S. 629, 633 (1953)).  Yet "[i]f [a federal court] determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

In support of its motion, Defendant first argues that the complaint should be dismissed for want of subject matter jurisdiction because Plaintiff's claims are moot.  Defendant specifically contends that Plaintiff seeks to enjoin a foreclosure sale that has already occurred, and thus there is no live "case" or "controversy" that this Court may review.  For the reasons below, the Court disagrees with Defendant.

That the foreclosure sale has already occurred does not mean that Plaintiff lacks standing or that his claims are mooted.  Rather, Plaintiff sought relief in the instant action for an alleged injury that was about to occur, and then did, in fact, happen.  This scenario meets the definition of injury-in-fact for purposes of subject matter jurisdiction.  See, e.g., Massie v. U.S. Dep't of Hous. & Urban Dev., 06-cv-1004, 2007 WL 184827, at *2 (W.D. Pa. Jan. 19, 2007), vacated in part on other grounds, 2007 WL 674597 (W.D. Pa. Mar. 1, 2007) (holding plaintiffs' claims for injunctive relief were not mooted where foreclosure sale had already occurred, and that a live case or controversy existed post-sale).  Hence, there remains a live case or controversy for the Court's evaluation, even though Plaintiff's allegation of imminent or threatened injury has since been realized.

To the extent Defendant's argument suggests that Plaintiff no longer has a "legally cognizable interest in the outcome," the Court disagrees with this notion as well.  See Town of Portsmouth, 813 F.3d at 58 (defining a case as moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome").  Massachusetts law, which allows mortgagees to initiate and complete residential foreclosure proceedings without court intervention or approval,[3] requires "one who sells under a [statutory] power [of sale to] follow strictly its terms."  U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49–50 (Mass. 2011).   "If

---

[3] See MASS. GEN. LAWS ch. 183, § 21; see also MASS. GEN. LAWS ch. 244, § 14.

[the mortgagee] fails to do so there is no valid execution of the power, and the sale is wholly void." Id.  In order words, if the statutory power of sale is not effectuated in strict compliance with law, the sale may be challenged and, where appropriate, rescinded.  See id.  Here, while Plaintiff specifically seeks to permanently enjoin a foreclosure sale, he—as owner of the Property prior to foreclosure—may still have an interest in the relief requested in his complaint. See, e.g., Massie, 2007 WL 184827, at *2 ("Simply because the foreclosure sale has already occurred does not mean that there is no remedy available.  Thus, I find that Plaintiffs have standing [to assert a cognizable claim]." (internal citations omitted)).  If Plaintiff has pleaded facts sufficient to demonstrate a plausible claim to rescind the foreclosure, then relief may still be granted even though the sale has already taken place.  See id.

Moreover, Plaintiff's prayer for relief in his complaint includes a request for "such other relief that the Court considers fair and equitable."  Dkt. no. 1-1, at p. 6.  This prayer is not restricted to injunctive relief alone.  See id.  For this reason and those above, Defendant's motion to dismiss pursuant to Rule 12(h)(3) cannot be granted at this time.

B.       Fed. R. Civ. P. 12(b)(6) – Failure to State a Plausible Claim for Relief

As an alternate ground for dismissal, Defendant asserts that Plaintiff has not demonstrated a plausible legal theory for relief and therefore has failed to state a claim upon which relief may be granted.  The Court now turns to this argument.

To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Indeed, "plausible" "means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the Court] 'to draw on [its] judicial experience and common sense.'" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (quoting Iqbal, 556 U.S. at 679).

Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see also DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings") (emphasis in original). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

The court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or

incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)). There lies an exception to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to [a plaintiff's] claim; [and] for documents sufficiently referred to in the complaint." Id. (quoting Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

Notwithstanding the above, the Court must apply a liberal standard where, as here, the Plaintiff has proceeded pro se. Sergentakis v. Channell, 272 F. Supp. 3d 221, 224 (D. Mass. 2017) (citing Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 3 (D. Mass. 2004)). A liberal construction of pro se pleadings is necessary "to avoid inappropriately stringent rules and unnecessary dismissals." Sergantakis, 272 F. Supp. 3d at 2214. This is not to suggest, however, that pro se litigants are given carte blanche with respect to pleadings protocol. The standards are relaxed but are not displaced. See, e.g., Solomon v. Khoury, No. 16-10176, 2017 WL 598758, at *3 (D. Mass. Feb. 13, 2017) ("While the 'First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers . . . this cannot be taken to mean that pro se complainants are held to no standard at all.'" (quoting Green v. Commonwealth, 108 F.R.D. 217, 218 (D. Mass. 1985))).

Here, Defendant first alleges that Plaintiff has incorrectly attempted to rely on its closed bankruptcy case and Chapter 7 discharge to prevent foreclosure of the Property. Defendant further reasons that Plaintiff's arguments suggesting the Loan constituted an "unsecured claim" and that the Mortgage was discharged in bankruptcy are without merit. Equally without merit, in

the Defendant's view, is Plaintiff's claim that Defendant violated the automatic stay provisions of the Bankruptcy Code by initiating and maintaining foreclosure proceedings against the Property.  Finally, Defendant argues that Plaintiff has produced no factual allegations to support his claim that Defendant was not entitled to foreclose.  For the reasons below, the Court agrees with Defendant.

As a preliminary matter, Defendant correctly establishes that the Mortgage created a secured interest in the Property.  The Mortgage, duly executed by Plaintiff as security for the Note, pledged the Property as collateral and thereby created a security interest in favor of the mortgagee, its successors, and assignees.  In his complaint, Plaintiff argues that the Mortgage was discharged in bankruptcy as an unsecured debt and an avoidable lien.  He contends that the Mortgage debt was unsecured because he characterized it as such in his bankruptcy schedules and Defendant did not challenge this characterization.  These arguments are of no moment.  "Listing a creditor on [a debtor's list of unsecured creditors] does not render that creditor's validly-secured debt unsecured, even if the creditor never objects to that classification."  In re Harris, 450 B.R. 324, 330 n.25 (Bankr. D. Mass. 2011).  "The schedules filed by [a debtor] are designed to assist the Chapter 7 trustee and creditors in determining the state of the [d]ebtor's financial affairs, and those schedules cannot, of themselves, extinguish a secured claim improperly characterized therein."  Id.  As established in the bankruptcy action, the Mortgage debt presented a secured claim against the Property which a bankruptcy debtor cannot unilaterally re-characterize (and thus later challenge).  See Dkt. no. 11-5.

Because Defendant held, and continues to hold, a secured interest in the Property, it had no obligation to take any action in Plaintiff's bankruptcy matter to preserve its secured claim.  Id. "It is hornbook law that a valid lien survives a discharge in bankruptcy unless it is avoidable and

the debtor takes the proper steps to avoid it." In re Harris, No. 08-31056-HJB, 2016 WL 3412640, at *7 (Bankr. D. Mass. May 27, 2016) (citations omitted).  A debtor must take some type of affirmative action to avoid a lien.  Id.  As discussed above, this involves more than a debtor's unilateral classification of a creditor's interest as unsecured.  Harris, 450 B.R. at 330 n.25.  Moreover, a Chapter 7 debtor's discharge does not otherwise convert secured debt to unsecured debt, thereby invalidating any mortgage pledging collateral to secure a debt.  See Best v. Nationstar Mortgage, LLC (In re Best), 540 B.R. 1, 6 (B.A.P. 1st Cir. 2015).  Here, the Bankruptcy Court noted in its order denying Plaintiff's motion to show cause that "[a] creditor holding a secured claim does not have an obligation to file an affirmative action in the bankruptcy court to establish the validity of its lien." Dkt. no. 11-5, at p. 1.  For these reasons, Plaintiff's allegations that the Mortgage debt was unsecured, and thus consequently discharged in bankruptcy, lack merit and are insufficient to support a claim upon which relief may be granted.

Equally unpersuasive is Plaintiff's argument that Defendant violated the automatic stay provisions of the Bankruptcy Code by pursuing foreclosure proceedings.  The Bankruptcy Court easily dealt with this contention: "To the extent [Plaintiff] alleges that [Defendant] violated the automatic stay by pursuing a foreclosure action following the closing of the bankruptcy case, the Court finds such an argument would not be successful inasmuch as the automatic stay terminated upon the closure of the case." Dkt. no. 11-5 (citing 11 U.S.C. § 362(c); In re Harris, 2016 WL 3412640, at *10).  As such, this contention does not raise a plausible right to relief.

Plaintiff also predicates his claim to relief on a separate legal theory: that Defendant lacked standing to pursue foreclosure proceedings against the Property in accordance with M.G.L. ch. 244, § 14.  Dkt. no. 1–1 ¶¶ 15–18.  Plaintiff argues that Defendant has not provided

admissible evidence establishing that it held the Note and Mortgage, and thus was entitled to foreclose.  Id. ¶ 18.  In the Court's view, these assertions lack merit.

Under the laws of the Commonwealth, a party is entitled to foreclose an interest in real property where such party (1) holds the mortgage that created the interest; and (2) is either the note holder or acting at the direction of the note holder.  Eaton v. Fed. Nat'l Mortgage Ass'n, 969 N.E.2d 1118, 1131 (Mass. 2012); Ibanez, 941 N.E.2d at 40, 53–54.  Proof that an entity holds a promissory note may be established by filing an affidavit in the appropriate registry of deeds.  Eaton, 969 N.E.2d at 1133 n.28 (noting that "a foreclosing mortgage holder . . . may establish that it either held the note or acted on behalf of the note holder at the time of a foreclosure sale by filing an affidavit in the appropriate registry of deeds").

Here, documentation appended to Plaintiff's own complaint establishes Defendant's authority to foreclose.  So, too, do publicly available documents recorded in the Registry of Deeds.[4]  For example, Defendant's "Affidavit Pursuant to M.G.L. Ch. 244, §§ 35B and 35C" attests that Defendant is the holder of the Note.  Dkt. no. 11-3.  Defendant caused this affidavit to be recorded in the Registry of Deeds before it initiated foreclosure proceedings against the Property.  Id.  The affidavit is sufficient to establish that Defendant properly held the Note and had authority to foreclose.  See McAllister v. Countrywide Home Loans, Inc., 16-cv-10911-GAO, 2017 WL 1173925, at *13 (D. Mass. Mar. 29, 2017) (granting motion to dismiss and refusing to credit conclusory allegations that defendant did not hold the mortgage note in light of the recorded §§ 35B and 35C affidavit).

---

[4] As noted herein, the Court may consider certain evidence outside of the pleadings—including official public records and other documents central to a plaintiff's claim—without converting a motion to dismiss to one for summary judgment.  See Alt. Energy, Inc., 267 F.3d at 33.

Furthermore, attached as an exhibit to Plaintiff's complaint is Defendant's certification pursuant to 209 CMR 18.21(A)(2)(C), wherein Defendant certifies that it owns the Note and is the current mortgagee. Dkt. no. 1-1, at p. 14.  Correspondence, also attached as exhibits to the complaint, similarly demonstrate Defendant's standing as the owner of the underlying Mortgage debt. See dkt. no. 1-1, at p. 30 ("The name of the creditor to whom the debt is owed is Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., successor by merger [to] Wachovia Mortgage FSB, f/k/a World Savings Bank, FSB."); see also id. at p. 17 (identifying Defendant as servicer); id. at p. 29 (identifying Defendant as "the creditor to whom the debt is owed").

These documents establish Defendant's authority to foreclose, and their sufficiency cannot be challenged by unsupported conclusory allegations.  See Lowenstern v. Residential Credit Sols., 11-11760-MLW, 2013 WL 697108, at *3 (D. Mass. Feb. 25, 2013) ("When [a document] contradict[s] an allegation in the complaint, the document trumps the allegation." (citing Clorox Co. P.R. v. Proctor & Gamble Consumer Co., 228 F.3d 24, 32 (1st Cir. 2000))). Plaintiff's allegations that Defendant is not entitled to foreclose on the Property pursuant to its status respecting the Loan are conclusory and thus are subject to dismissal.

Finally, Plaintiff challenges Defendant's status as note holder because the Note does not contain an endorsement in Defendant's favor.  This theory, like the others, does not give rise to a plausible claim for relief.  Promissory notes are negotiable instruments and fall within the purview of the Uniform Commercial Code, codified in M.G.L. ch. 106.  Under the laws of the Commonwealth, persons or entities entitled to enforce a note include the holder of the note. MASS. GEN. LAWS ch. 106, § 3-301.  In addition, "[t]he payee of an instrument in its possession is always a holder."  Prestige Imports, Inc. v. S. Weymouth Sav. Bank, 916 N.E.2d 1015, 1019

13

(Mass. App. Ct. 2009) (quoting New Bedford Inst. for Sav. v. Gildroy, 634 N.E.2d 920, 925 (Mass. App. Ct. 1994)).  "A former holder who reacquires [a note] may cancel indorsements made after the reacquirer first became a holder of the instrument."  MASS. GEN. LAWS ch. 106, § 3-207.

Defendant, as successor to WSB by a series of mergers, acquired any rights WSB (or its successors or assignees) might have had in the Note and Mortgage upon its eventual acquisition.  Here, the Note was endorsed to Bank of New York, and this endorsement was subsequently cancelled.  Dkt. no. 1-1, at p. 26.  This cancellation "cause[d] the instrument to be payable to the reacquirer or bearer," who, in this case, is Defendant.[5]  MASS. GEN. LAWS ch. 106, § 3-207 cmt. (Editors' Notes, Case #1).  Because Defendant held the Note and succeeded to WSB's rights in the Note (or the rights of its successors or assignees), the absence of an endorsement on the Note to Defendant is not consequential.  Put another way, the fact that the Note was not endorsed to Defendant does not affect Defendant's status as the Note's holder.  Therefore, Plaintiff's allegations on this issue cannot support a claim.

For these reasons, it is the Court's view that Plaintiff has failed to state a plausible claim for relief.  Consequently, its complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[5] "Bearer" is defined as, inter alia, "a person in possession of a negotiable instrument."  MASS. GEN. LAWS, ch. 106, § 1-201(b)(5).

## Conclusion

For the foregoing reasons, I conclude that Plaintiff has failed to state a claim upon which relief may be granted.  I therefore RECOMMEND that Defendant's motion to dismiss (dkt. no. 10) be GRANTED.[6]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[6] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation.  The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2).  The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).